IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CR184 |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW ROOT, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion of defendant Matthew M. Root ("Root") for a reduction in sentence pursuant to changes in the Guidelines that were prompted by the Fair Sentencing Act (FSA)(Filing No. 36). The Court finds his motion should be granted.

On August 3, 2010, the Fair Sentencing Act of 2010 (the "FSA") increased the qualifying amount of cocaine base associated with mandatory minimum sentences. Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010). Section 2D1.1 of the Guidelines incorporated the new statutory minimums by increasing the threshold amounts of cocaine base for most base offense levels. Though the newer set of Guidelines were in effect at the time of Root's sentencing in March of 2011, he was sentenced according to the mandatory minimums that were in effect at the time he committed his offenses in 2008.

The Supreme Court recently resolved a split among the circuits as to the retroactive application of the FSA. *Dorsey v.*

*United States*, 132 S. Ct. 2321 (2012), holding that "Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." *Id.* at 2335. Thus, despite the fact that Root's 2008 offenses occurred prior to the FSA's August 2010 effective date, he is entitled to sentencing according to the FSA's lower mandatory minimums because his *sentencing* occurred in March of 2011, after the FSA took effect.

Converting and combining the amounts of cocaine powder and cocaine base attributed to Root yields a drug quantity of 51.69 kilograms of marijuana, which indicates a base offense level of 20. The offense level is reduced three levels for Root's acceptance of responsibility resulting in a total offense level of 17. Root's criminal history category is III. The resulting Guideline sentencing range is 30 to 37 months. Before reducing Root's sentence, § 3582(c)(2) also requires the Court to consider the applicable factors set forth in § 3553(a). Having considered these factors, the Court finds that a sentence of thirty-six (36) months is appropriate. Accordingly,

IT IS ORDERED:

1) Defendant's motion for a reduction in sentence is granted. Defendant's sentence is reduced to thirty-six (36) months imprisonment. Defendant shall receive credit for all time served.

2) The conditions of supervised release entered in the original judgment and committal order remain in full force and effect.

DATED this 5th day of September, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court